## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANGELA CARLOS, as** | : | |
| **ADMINISTRATRIX of the ESTATE OF** | : | |
| **TIOMBE KIMANA CARLOS,** | : | **CIVIL ACTION** |
| | : | **No. 1:15-CV-01994** |
| **Plaintiff,** | : | |
| | : | **(Judge Caldwell)** |
| **v.** | : | |
| | : | **(Magistrate Judge Saporito)** |
| **YORK COUNTY et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
## FOR LEAVE TO AMEND THE COMPLAINT

## I.     INTRODUCTION

Plaintiff Angela Carlos seeks leave of Court to file an Amended Complaint, *see* Ex. A., in this wrongful death and survival acting raising civil rights claims under 42 U.S.C. § 1983.  Ms. Carlos makes this request for the sole purpose of identifying defendants previously named as John Doe defendants.  The current defendants in this matter are divided into three categories, based upon their retention of separate counsel.  As noted in the attached Certificate of Non Concurrence, counsel for defendant PrimeCare and defendant Dr. Rollings-Mazza does not oppose this request to amend the Complaint.[1]  Nor does counsel for

---

[1] Counsel for these defendants notes that he cannot state a position as to the addition of a new medical defendant, Dr. Robert Davis, as this defendant has

Patrick Gallagher, LPC, oppose this request.  Counsel for defendant York County,

however, has informed counsel for Ms. Carlos that he objects to Ms. Carlos filing

an Amended Complaint.

Accordingly, Ms. Carlos now submits this Brief to demonstrate that under

the liberal rules of amendment embodied in Fed. R. Civ. P. 15, the request to

amend should be granted.  Because counsel for Ms. Carlos have acted with

diligence and good faith to quickly and efficiently identify the unnamed defendants

whose conduct was outlined in the original Complaint, a filing to properly name

John Doe defendants is presumptively permitted.  Further, although the statute of

limitations has technically now run, because Ms. Carlos seeks leave to amend

within the service-of-process period outlined in Fed. R. Civ. P. 4(m), the Amended

Complaint relates back to the date on which the case was initiated, and the claims

are timely as to the newly added defendants.  The motion should, therefore, be

granted.

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

Tiombe Carlos ("Ms. Carlos") was an immigration detainee at York County

Prison ("YCP") who was known to medical and correctional staff to have a long

history of serious psychiatric illness.  Those staff members knew, likewise, that

Ms. Carlos's history made her a substantial risk to commit suicide.  Indeed, in

---

separate insurance coverage which will likely require the retention of separate
counsel.

August 2013, Ms. Carlos attempted suicide by hanging herself with a bed sheet in her cell, but correctional officers stopped her and took her to a hospital for treatment.  Despite this suicide attempt, two months later, medical and correctional staff at YCP allowed Ms. Carlos to be transferred into a non-suicide resistant cell in a segregated housing area called the Intensive Custody Unit.  On October 23, 2013, shortly after 9:00 p.m., Ms. Carlos used the sheet which had been issued to her, affixed it to bars covering the window in her cell, and hung herself.  By time she was seen by correctional officers, she had no pulse and was, after being rushed to a hospital, pronounced dead.  She was 34 years old.

Plaintiff Angela Carlos ("plaintiff"), the mother of Tiombe Carlos and Administratrix of her Estate, brought this civil rights survival and wrongful death action under 42 U.S.C. § 1983 alleging that correctional and medical staff were deliberately indifferent to her daughter's serious mental health needs in violation of the Eighth and Fourteenth Amendments.  Before the Complaint was filed and without the opportunity to engage in discovery or issue subpoenas, plaintiff's knowledge of the specific medical and correctional staff members whose conduct with Ms. Carlos gave rise to potential civil rights claims was limited to what plaintiff and her counsel could discern from medical records and other minimal investigative documents obtained from defendants PrimeCare and York County. For that reason, when plaintiff filed her Complaint on October 14, 2015, she

named the four defendants of whom she was specifically aware: York County, PrimeCare, Dr. Pamela Rollings-Mazza and Patrick Gallagher, LPC.  Ms. Carlos and her counsel knew, however, that other individuals would have had interactions with Ms. Carlos—both for purposes of medical encounters and for purposes of correctional supervision—which would give rise to civil rights claims against those defendants.  Not knowing the identities of those persons, Ms. Carlos and her counsel followed a practice common to civil rights litigation and named "John Doe" defendants.[2]

The Complaint made very clear that plaintiff would later seek to amend to properly identify the "John Doe" defendants.  *See* Complaint at ¶ 14 ("At all times relevant to this Complaint, defendant Correctional Officer John Does 1-10, were correctional officers or supervisors employed by defendant York County to work at YCP.  Plaintiff does not presently know the names of these defendants but will seek leave to amend the Complaint so as to name each appropriate defendant after initial discovery.").  Further, in the factual allegations outlined in the Complaint, plaintiff specified that the persons she would seek to later name were those who were aware of several "factors" which "made Ms. Carlos a substantial risk for

---

[2] *See Singletary v. Pa. Dept. of Corrs.*, 266 F.3d 186, 190 (3d Cir. 2001) (Becker, C.J.) (noting that ability to bring claims against unknown defendants is "important in civil rights cases" and that civil rights plaintiffs should have the ability to bring claims that relate back for statute-of-limitations purposes when replacing a "John Doe" defendant with the real name of the defendant).

suicide," *id.* at ¶ 66, but who allowed Ms. Carlos to be placed in a non-suicide resistant cell with property that could be used in a suicide attempt. *Id.* at ¶¶ 67-72; *see also id.* at ¶¶ 75-79 (alleging that individual defendants, including the Correctional Officer John Does, "were aware of Ms. Carlos's serious and chronic mental health needs" and knew of "numerous risk factors present in the days before Ms. Carlos's suicide," yet allowed her to be placed in a dangerous cell and otherwise failed to act to "mitigate the risk that she would attempt suicide").[3]

The Complaint was served on all defendants within two days of filing. ECF 4-7, 11. After responsive pleadings were filed,[4] the parties held a Rule 26(f) conference on November 20, 2015 and submitted a Case Management Plan on December 2, 2015. ECF 24. Magistrate Judge Saporito conducted a Rule 16 conference with the parties on December 7, 2015, and, on that same date, issued a Scheduling Order. ECF 26. That Order specified that "[a]ny joinder of parties shall be accomplished by February 12, 2016." *Id.* at ¶ 3.

The parties then proceeded with discovery. Even before the Rule 16 conference, counsel for Ms. Carlos had on November 30, 2015, served discovery

---

[3] The Complaint provided a similarly detailed explanation as to the medical John Doe defendants, but because those defendants do not oppose this request for leave to amend, that description is omitted from this background section.

[4] All parties filed Answers except for defendant Gallagher who moved to dismiss all claims against him. The parties have fully briefed that motion, *see* ECF 21, 27 & 29, and the Court is holding the Motion under advisement.

requests on all defendants. *See* Ex. B at 1. Before defendant York County served

its responses, on December 23, 2015, counsel for plaintiff and counsel for York

County consulted about the scope of the County's responses to the discovery

requests; in that conversation, counsel for plaintiff confirmed, consistent with the

allegations in the Complaint outlined above, that, upon receipt of the discovery

responses, plaintiff would seek leave to "amend…to properly name the John Doe

defendants." Ex. B at 2. Counsel for plaintiff noted, further, that plaintiff

"expected [to] seek leave to amend within 30 days" of receipt of the discovery

responses, "but certainly by the 2/12/16 deadline set by the Court." *Id.*

Defendant York County served its responses to discovery requests by mail

on December 29, 2016. After review of those responses, on February 10, 2016,

plaintiff's counsel informed all defense counsel of plaintiff's intent to file an

Amended Complaint identifying the defendants previously named as John Does.

Ex. B at 3. With regard to defendants employed by defendant York County,

plaintiff's counsel identified nine correctional staff members (a Deputy Warden, a

Captain, two correctional officers and five correctional counselors) whose conduct

gives rise to civil rights claims regarding Ms. Carlos's suicide. As outlined in the

proposed Amended Complaint, these defendants were responsible for, among other

things, deciding to place Ms. Carlos in segregated housing notwithstanding known

suicide risks associated with such housing, *see* Ex. A at ¶ 73 (referencing proposed

defendants Deputy Warden Doll and Captain Neeper), having regular counseling encounters with Ms. Carlos while failing to act to mitigate the risk of suicide, *see id.* at ¶¶ 74-76 (referencing proposed defendants Correctional Counselors McNicholas, Crist, Nadeau, J. Jackson and Trig), and, on the night of Ms. Carlos's suicide, ignoring obvious signs that Ms. Carlos was in an agitated state following a conflict with another inmate in her housing area, *see id.* at ¶¶ 86-91 (referencing proposed defendants Correctional Officers Collins and Santos-Heredia).

On February 11, 2016, counsel for York County informed plaintiff's counsel that he would not consent to the filing of an Amended Complaint for the purpose of naming the John Doe defendants. Ex. B at 4. Accordingly, plaintiff seeks by way of this Motion leave of Court to file the Amended Complaint.

## III.   STATEMENT OF QUESTION INVOLVED

Whether plaintiff may, consistent with Fed. R. Civ. P. 15, the Court's Scheduling Order, and binding Third Circuit precedent, amend the Complaint to identify defendants previously named as "John Doe" defendants.

*Suggested answer*: Yes.

## IV.   ARGUMENT

The Federal Rules of Civil Procedure endorse a flexible standard for the amendment of pleadings.  Thus, under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave when justice so requires."  *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006) ("Federal Rule of Civil Procedure 15 embodies a liberal approach to pleading.").  A request to amend "must generally be granted unless equitable considerations render it otherwise unjust"; such considerations include "undue delay, bad faith, and futility."  *Id.* at 204 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lorenz v. CSX Corp.,* 1 F.3d 1406, 1414 (3d Cir. 1993)).

There are no equitable considerations present in this case that would weigh against granting leave to amend the Complaint.  As to the first two factors, plaintiff has acted in good faith and without delay.  On the face of the original Complaint, as outlined above, plaintiff made clear that she would seek to add defendants whom she knew to have been involved in the events at issue in the case.  Indeed, the only reason that she did not name those defendants in the Complaint is that, after a good faith investigation of available documents, she could not possibly know the identity of all persons who had significant encounters with Ms. Carlos in the time before her suicide.  Counsel for plaintiff acted diligently to determine the identity of these previously unknown persons.  Counsel immediately served the Complaint on all named parties, initiated written discovery prior to the Court's

Case Management Conference, timely informed defense counsel of an intended

timeline for amending the Complaint, and is seeking leave to amend within the

timeframe envisioned in the Court's Case Management Order.  There is thus no

basis to conclude that plaintiff seeks the requested amendment in bad faith or after

undue delay.

As to the third possible equitable consideration, the York County defendants

may not credibly argue that the proposed amendment is futile based on a statute of

limitations defense.[5]  Although the statute of limitations applicable to plaintiff's

claims ran on October 23, 2015, two years after Ms. Carlos's suicide, the amended

pleading identifying defendants previously named as "John Does" will, under Fed.

R. Civ. P. 15(c)(1), relate back to the timely filing of plaintiff's Complaint on

October 14, 2015.  Under that provision, when an amendment changes the "naming

of the party against whom a claim is asserted," R. 15(c)(1)(C), the pleading relates

back to the date of the original pleading if (1) "the amendment asserts a claim or

defense that arose out of the conduct, transaction, or occurrence set out--or

attempted to be set out--in the original pleading," R. 15(c)(1)(B); (2) within the

120-day period provided for service of the original Complaint under Fed. R. Civ.

_____

[5] Defendant York County, by filing an Answer, presumably conceded that the allegations in the Complaint pleaded facts sufficient to support a claim of deliberate indifference to Ms. Carlos's serious medical needs.  Plaintiff therefore assumes that York County does not oppose amendment based upon some perceived pleading insufficiency.

P. 4(m),[6] the added defendant "received such notice of the action that it will not be prejudiced in defending on the merits," R. 15(c)(1)(C)(i); and (3) within the same 120-day service period, the added defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity," R. 15(c)(1)(C)(ii).  *See also Smith v. City of Philadelphia*, 363 F. Supp. 2d 795, 798-99 (E.D. Pa. 2005) (outlining requirements for relation back of amended pleading providing true identity of parties originally identified as John Doe defendants).

All of these requirements are met in this case.  First, the claims against the newly identified defendants arise out of the same conduct, transaction or occurrence described in plaintiff's original Complaint.  As outlined above, the Complaint specifically asserted that the John Doe defendants were persons employed by defendant York County who were aware of various risk factors that Ms. Carlos would commit suicide yet failed to act to mitigate those risks.  The

---

[6] Rule 4(m) was amended on December 1, 2015 to reduce the time for service of initial process from 120 days to 90 days.  Because this action was filed before the effective date of the new rule, though, the former provision allowing for 120 days applies to this request to amend.  *See Campinha-Bacote v. Regents of the Univ. of Mich.*, No. 1:15-cv-330, 2016 WL 223408, at *6 n.5 (S.D. Ohio Jan. 19, 2016) ("As the Complaint was filed in this case on May 18, 2015, the prior version of Rule 4(m) permitting service within 120 days still was in effect. As such, the Court applies the prior version here."); *Bent v. U.S. Bank, N.A.*, No. 3:15-cv-340, 2015 WL 9703725, at *3 (N.D. Tex. Dec. 14, 2015) (stating that Court "should not apply the amended version [of Rule 4(m)] (which permits only 90 days for service) to this case" where action was initiated prior to the amendment).

proposed Amended Complaint does not include any substantive changes to the
legal claims asserted on plaintiff's behalf.  Instead, it merely provides accurate
names for the defendants.

Second, under Rule 4(m), because the Complaint was filed on October 14,
2015, the deadline for serving that Complaint on the defendants is February 11,
2016.  Plaintiff is seeking leave to amend the Complaint on the final date of that
timeframe, which renders the request timely.  Because plaintiff seeks leave to
amend in a timely fashion, the newly added defendants cannot assert any claim of
prejudice in defending against plaintiff's claims on the merits.

These same reasons satisfy the third requirement of the relation-back
inquiry, that the newly added defendants know within 120 days that they should
have been named in the original Complaint absent a "mistake" concerning their
identity.  The phrase "mistake" in Rule 15(c)(1)(C)(ii) has been interpreted broadly
in the Third Circuit in order to allow for the amendment of John Doe pleadings.
*See Smith*, 363 F. Supp. 2d at 802-03 (quoting *Singletary*, 266 F.3d at 200) ("In the
Third Circuit 'the amendment of a "John Doe" complaint [can meet] all of the
conditions for…relations back, including the "but for a mistake" requirement.'");
*Cruz v. City of Camden*, 898 F. Supp. 1100, 1110 n.9 (D.N.J. 1995) (quoting
*Heinly v. Queen,* 146 F.R.D. 102, 107 (E.D. Pa. 1993)) ("This mistake prong or
'mistake condition' allows an amendment adding the proper identities of new

11

defendants, previously identified as 'John Doe' defendants in the original complaint."). The amended pleading which plaintiff seeks to file is, therefore, accurately characterized as correcting the "mistake" in the identification of the appropriate defendants. As such, the Amended Complaint relates back to the original filing date of the Complaint.

Plaintiff's request for leave to amend her Complaint is not made out of bad faith or an effort to cause undue delay, nor is it futile. As such, the request meets the governing standards of Rule 15, and the motion should be granted.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff Angela Carlos respectfully requests that the Court grant this Motion and issue an Order permitting the filing of the Amended Complaint.

Respectfully submitted,

/s/ Jonathan H. Feinberg
David Rudovsky
Jonathan H. Feinberg
Susan M. Lin
KAIRYS, RUDOVSKY, MESSING
  & FEINBERG LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
(215) 925-4400

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, Jonathan H. Feinberg, hereby certify that Plaintiff's Motion for Leave to

Amend the Complaint along with supporting Brief and exhibits was, on February

11, 2016, filed via the Court's CM/ECF system and, therefore, served on the

following:

> Brandon R. Conrad
> Email: brc@saxtonstump.com
> Harlan W. Glasser
> Email: hwg@saxtonstump.com
> Saxton & Stump, LLC
> 15 South State Street
> Leola, PA 17540
> (717) 556-1008
> *Counsel for Defendant Gallagher*
>
> Donald L. Reihart
> Assistant Solicitor for York County
> 3015 Eastern Boulevard
> York, PA 17402
> (717) 755-2799
> Email: email@reihartlaw.com
> *Counsel for Defendant York County*
>
> John R. Ninosky
> 301 Market Street
> P.O. Box 109
> Lemoyne, PA 17043
> (717) 761-4540
> Email: jrn@jdsw.com
> *Counsel for Defendants PrimeCare Medical, Inc.*
>   *And Rollings-Mazza*

> /s/ Jonathan H. Feinberg
> Jonathan H. Feinberg