UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
WILKES BARRE
APR 27 2016
Per _____

| | |
|---|---|
| ANGELA CARLOS, as ADMINISTRATRIX of the ESTATE OF TIOMBE KIMANA CARLOS, | |
| Plaintiff, | CIVIL ACTION NO. 1:15-cv-01994 |
| v. | (CALDWELL, J.) (SAPORITO, M.J.) |
| YORK COUNTY, et al., | |
| Defendants. | |

## MEMORANDUM

This is a federal civil rights survival and wrongful death action brought under 42 U.S.C. § 1983, which also asserts supplemental state law claims arising out of the same operative facts. It arises out of the death of Tiombe Kimana Carlos, an immigration detainee, while incarcerated at York County Prison, which is located in York County, Pennsylvania. The plaintiff is Angela Carlos, mother of the decedent and administratrix of her daughter's estate.

### A. Background

The original complaint in this action was filed on October 14, 2015. (Doc. 1). It alleged that the four named defendants (York County; PrimeCare Medical, Inc. ("PrimeCare"), a private corporation contracted to

provide medical and mental health services to inmates at York County Prison; Pamela Rollings-Mazza, MD, a physician employed by PrimeCare to provide psychiatric services at York County Prison; and Patrick Gallagher, LPC, a licensed professional counselor employed by PrimeCare to provide mental health counseling services at York County Prison) and fictional defendants "Medical John Does 1-10" and "Correctional Officer John Does 1-10" were deliberately indifferent and negligent in failing to treat the serious and chronic mental health needs of the decedent while incarcerated as an immigration detainee at York County Prison, which led to the decedent's death by suicide on October 23, 2013.

On February 11, 2016, exactly 120 days after the original complaint was filed, the plaintiff filed a motion for leave to amend the complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. (Doc. 30). The proposed amended complaint is substantially identical to the original complaint, merely adding factual allegations to identify three of the previously unknown Medical John Doe defendants (Robert Davis, MD, a physician contracted by PrimeCare to provide psychiatric services at York County Prison; Holly A. Snyder, RN, a registered nurse employed by PrimeCare to provide mental health nursing services at York County

Prison; and Aimee Leiphart, LPN, a licensed practical nurse employed by PrimeCare to provide mental health nursing services at York County Prison) and nine of the previously unknown Correctional Officer John Doe defendants (Deputy Warden Clair Doll; Captain Carl Neeper; Correctional Officer Erika Collins; Correctional Officer Grissell Santos-Heredia; Correctional Counselor McNicholas; Correctional Counselor Crist; Correctional Counselor Nadeau; Correctional Counselor J. Jackson; and Correctional Counselor Trig), and to describe the role of these newly added defendants in the events previously described in the original complaint. (Doc. 30-3).

Defendants PrimeCare, Rollings-Mazza, and Gallagher do not oppose the plaintiff's motion to amend.[1] Counsel for defendant York County, however, has filed a brief in opposition on behalf of both York County and the nine correctional officers who would be joined as new defendants if the plaintiff's motion to amend is granted. (Doc. 32). The plaintiff has filed a reply brief. (Doc. 33). The motion to amend is now ripe for disposition.

---

[1] In her supporting brief, the plaintiff notes that counsel for PrimeCare and Dr. Rollings-Mazza expressly noted that he cannot state a position on behalf of Dr. Davis, who appears to be an independent contractor rather than an employee of PrimeCare, and who carries his own, separate professional liability insurance coverage.

## B. Proposed Medical Defendants

There is no objection or opposition to the plaintiff's request for leave to amend the complaint to add three new medical defendants: Dr. Davis, Nurse Snyder, and Nurse Leiphart. Therefore, the motion will be granted with respect to proposed defendants Davis, Snyder, and Leiphart, without prejudice to their ability to timely assert a statute-of-limitations defense, if appropriate, in their responsive pleadings or motions. *See generally Pessotti v. Eagle Mfg. Co.*, 774 F. Supp. 669, 677–78 (D. Mass. 1990) (failure to oppose motion to amend did not waive statute-of-limitations defense); *Larry v. Penn Truck Aids, Inc.*, 94 F.R.D. 708, 713–14 (E.D. Pa. 1982) (same).

## C. Proposed Correctional Officer Defendants

Counsel for defendant York County has filed a brief in opposition on behalf of both York County and the nine proposed correctional officer defendants: Deputy Warden Doll, Captain Neeper, Correctional Officers Collins and Santos-Heredia, and Correctional Counselors McNicholas, Crist, Nadeau, Jackson, and Trig. These opponents of the motion to amend contend that leave to amend should be denied because the motion is futile. In particular, they contend that, under Rule 15(c)(1) of the Federal Rules

of Civil Procedure, the proposed amendment does not relate back to the original pleading, and thus the plaintiff's claims against the nine proposed correctional officer defendants are barred by the applicable statute of limitations.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]his mandate is to be heeded."). But even under this liberal standard, a motion for leave to amend may be denied when it is futile. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). "An amendment would be futile, and leave to amend should be denied, where the statute of limitations or some other affirmative defense would compel dismissal of the claim." *Ridge v. Campbell*, 984 F. Supp. 2d 364, 372 (M.D. Pa. 2013); *see also Cowell v. Palmer Twp.*, 263 F.3d 286, 296 (3d Cir. 2001).

The decedent committed suicide on October 23, 2013. Any federal civil rights claims under to 42 U.S.C. § 1983 arising from this incident are subject to Pennsylvania's two-year statute of limitations applicable to

personal injury actions. *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78–79 (3d Cir. 1989); *see also* 42 Pa. Cons. Stat. Ann. § 5524. Likewise, any state-law tort claims are subject to the same two-year statute of limitations. *See* 42 Pa. Cons. Stat. Ann. § 5524. The proposed amendment, adding federal civil rights and supplemental state law claims against the nine proposed correctional officer defendants, was not filed until February 11, 2016, well after the two-year limitations period expired on October 23, 2015.

But "Rule 15(c) can ameliorate the running of the statute of limitations on a claim by making the amended claim relate back to the original, timely filed complaint." *Singletary v. Pa. Dep't of Corrs.*, 266 F.3d 186, 193 (3d Cir. 2001). Rule 15(c)(1) provides:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

>    (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>    (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).[2]

York County and the nine proposed correctional officer defendants contend that relation back in this case is governed exclusively by Rule 15(c)(1)(A). They note, correctly, that the applicable statute of limitations for federal civil rights claims brought under 42 U.S.C. § 1983 is borrowed from Pennsylvania's two-year statute of limitations applicable to personal injury actions. *See Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78–79 (3d Cir. 1989); *see also* 42 Pa. C.S.A. § 5524. But they are incorrect in their position that, because this limitation period is derived from Pennsylvania state law, relation back is governed *exclusively* by Pennsylvania state law, which does not allow the tolling of a limitations period by "John Doe" pleading.

York County and the nine proposed correctional officer defendants

---

[2] Rule 15(c)(2) concerns relation back in cases where the United States or a United States officer or agency is added as a defendant.

have cited several out-of-circuit cases in support of their position that the relation back of amendments in a federal civil rights action is governed exclusively by state-law relation-back rules when state law provides the applicable statute of limitations. But whatever the law of other circuits,[3] it is well-settled that the rule in this circuit is that whether an amendment relates back to the original complaint is a question of *federal* procedural law, not state law. *See Loudenslager v. Teeple*, 466 F.2d 249, 250 (3d Cir.

---

[3] Indeed, none of the three cited out-of-circuit opinions stand for the proposition advanced by York County and the nine proposed correctional officer defendants. In *Saxton v. ACF Industries, Inc.*, 254 F.3d 959 (11th Cir. 2001) (en banc), the Eleventh Circuit reaffirmed its previous holding that the federal rules, not state rules, governed the relation back of amendments, and held that, under a recent amendment to the federal rule, state-law relation-back rules applied in diversity cases to permit relation back when the pre-amendment federal rules would not. In *Estate of Rowell v. Walker Baptist Medical Center*, 290 F.R.D 549 (N.D. Ala. 2013), a federal district court in the Eleventh Circuit discussed *Saxton* and the history of Rule 15(c) in great detail, concluding unequivocally that "federal law continues to govern relation back in federal question cases." *Id.* at 557–61. And in *Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40 (E.D.N.Y. 2015), a federal district court in the Second Circuit considered Pennsylvania relation-back rules in the context of Rule 15(c)(1)(A), concluding that "Pennsylvania law does not afford a more forgiving relation back principle, so . . . Rule 15(c)(1)(A) is inapplicable." *Id.* at 80 (quoting *Stroud v. Abington Mem. Hosp.*, Civil Action No. 06-4840, 2008 WL 2061408, at *18 (E.D. Pa. May 13, 2008)). None of these cited authorities is inconsistent with the Third Circuit's decision in *Singletary v. Pennsylvania Department of Corrections*, 266 F.3d 186 (3d Cir. 2001), or this Court's decision herein.

1972) ("We do not view state law as controlling the question of whether the instant amendment was permissible. . . . This is entirely a matter of Federal practice."); *Darmanchev v. Roytshteyn*, 234 F.R.D. 78, 80 & n.3 (E.D. Pa. 2005) ("'Relation back' is a procedural matter, and thus governed by federal and not state practice."); *Johnson v. Goldstein*, 850 F. Supp. 327, 328 n.1 (E.D. Pa. 1994) ("Even when dealing with a state law claim, the question whether an amendment relates back to [the original complaint] is one of federal law."); *Patraka v. Armco Steel Co.*, 495 F. Supp. 1013, 1016 n.7 (M.D. Pa. 1980) ("[T]he rule in this circuit is that federal law controls the determination of whether an amended complaint should relate back to the filing of the original pleading."); *see also Mitchell v. Hendricks*, 68 F.R.D. 569, 572 (E.D. Pa. 1975) (applying federal relation-back rules to a pendent state law claim).[4]

Rule 15(c)(1)(A) of the Federal Rules of Civil Procedure allows state relation-back law to govern claims in federal court if state law provides the applicable statute of limitations and "affords a more forgiving principle of

---

[4] There does appear to be one exception, not applicable in this case. State relation-back law controls if an amended pleading was made in state court prior to removal to federal court. *See Valentine v. Lock Haven Univ. of Pa.*, No. 4:13-cv-00523, 2014 WL 3508257, at *8 (M.D. Pa. July 14, 2014). This case originated in federal court.

relation back than the one provided in [Rule 15(c)(1)]." *Bryan v. Associated Container Transp.*, 837 F. Supp. 633, 643 (D.N.J. 1993) (quoting Fed. R. Civ. P. 15(c)(1) advisory committee note (1991)). Thus, although the Court may first look to state law to determine if it permits relation back, *see* Fed. R. Civ. P. 15(c)(1)(A); *Jordan v. Tapper*, 143 F.R.D. 575, 581 (D.N.J. 1992), if it does not, the amendment may nevertheless relate back under Rule 15(c)(1)(C), *see* Fed. R. Civ. P. 15(c)(1)(C), *Jordan*, 143 F.R.D. at 581.

The plaintiff does not dispute that Pennsylvania state law would not permit the proposed amendments to relate back to the original complaint under Rule 15(c)(1)(A). Instead, she contends that relation back in this case is permitted under Rule 15(c)(1)(C). Under this rule, there are three requirements for an amendment naming new defendants to relate back to the original complaint: (1) the claim against the newly named defendants arose out of the conduct, transaction, or occurrence set forth in the original complaint; (2) the newly named defendants received such notice of the action within 120 days after the complaint was filed[5] that they will not be

---

[5] Rule 15(c)(1)(C) references "the period provided by Rule 4(m) for serving the summons and complaint." At the time of the filing of this case, the time period provided in Rule 4(m) was 120 days after the date when the complaint was filed. By order dated April 29, 2015, the Supreme Court
*(continued on next page)*

prejudiced in maintaining a defense on the merits; and (3) within 120 days after the complaint was filed, the newly named defendants knew, or should have known, that but for a mistake concerning their identities, the action would have been brought against them in the first place. *Singletary*, 266 F.3d at 194;[6] *see also Garvin v. City of Philadelphia*, 354 F.3d 215, 222

---

of the United States adopted certain amendments to the Federal Rules of Civil Procedure, which took effect on December 1, 2015. Order ¶¶ 1–2 (U.S. Apr. 29, 2015) (amending Fed. R. Civ. P. 1, 4, 16, 26, 30, 31, 33, 34, 37, 55, and 84), available at http://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf (Apr. 29, 2015). These amendments included a modification of Rule 4(m), reducing the relevant time period from 120 days to 90 days. *See* Fed. R. Civ. P. 4(m) advisory committee's note (2015 amendment); *see also* Steven S. Gensler, *Moore's Federal Practice: The 2015 Amendments to the Federal Rules of Civil Procedure* § 1.05P[1] (2015). Notably, the Supreme Court's Order of April 29, 2015, provides "[t]hat the foregoing amendments . . . shall take effect on December 1, 2015, and shall govern all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." Order ¶ 2 (U.S. Apr. 29, 2015); see also 28 U.S.C. § 2074(a); Fed. R. Civ. P. 86(a)(2) (amended rules govern pending proceedings unless applying them "would be infeasible or work an injustice"). This action was commenced in October 2015, more than a month before the effective date of the amended rule. Application of the amended rule, shortening the relevant time period by 30 days, would effectively dispose of the plaintiff's claims against the nine proposed correctional officer defendants solely by operation of an amended rule of procedure. Under these circumstances, we find that application of the amended rule in this instance would be unjust and impracticable. Accordingly, the pre-amendment version of Rule 4(m), providing a 120-day time period, shall govern proceedings in this case.

[6] York County and the nine proposed correctional officer defendants suggest that *Singletary* is no longer good law, stating that "[t]his case is
*(continued on next page)*

(3d Cir. 2003).

It is beyond dispute that the plaintiff's claims against the nine proposed correctional officer defendants arise out of the same conduct described in the original complaint. Likewise, there is no dispute that the plaintiff's lack of knowledge of these particular defendants' identities, leading her to reference them only as "Correctional Officer John Does 1-10," qualifies as a mistake under Rule 15(c)(1)(C). *See Singletary*, 266 F.3d at 201 (citing *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 175 (3d Cir. 1977)); *Stewart v. Philadelphia Hous. Auth.*, 487 F. Supp. 2d 584, 590 (E.D. Pa. 2007) ("Third Circuit law establishes that a 'mistake' regarding a defendant's identity may encompass the plaintiff's inadequate knowledge concerning the party, not merely misnomers or misidentifications.").

---

not controlling because [the] Federal Rules of Civil Procedure have changed" since that case was decided in 2001. (Doc. 32, at 7). But as *Estate of Rowell*—one of the cases they rely upon for this proposition—notes, there has been no substantive change to the text of Rule 15(c) since 2001—indeed, there has been no substantial change to Rule 15(c) since it was adopted in 1991. *See Estate of Rowell*, 290 F.R.D. at 554–57, 559 (recounting history of Rule 15(c) in great detail and noting that 2007 amendments were intended to be stylistic only); *see also Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 551 n.4 (2010) (noting that "Rule 15(c) was renumbered in 2007 without substantive change 'as part of the general restyling of the Civil Rules'"). Although Rule 15 was amended in 2009 as well, that amendment modified Rule 15(a) only; there were no changes to Rule 15(c) at that time.

The key issue presented is whether the nine proposed correctional officer defendants had adequate notice of the action within 120 days after the original complaint was filed. The plaintiff contends that she has met this notice requirement because her motion to amend the complaint was timely filed and served on counsel for York County on February 11, 2016, the last day of the 120-day period provided by Rule 4(m). (*See* Doc. 31, at 11). But the date when the motion to amend was filed is not material. Rule 15(c) does not require a plaintiff to move to amend her complaint or to file and serve an amended complaint within the 120-day Rule 4(m) period, but merely "that the prospective defendant has received sufficient 'notice of the action' within the Rule 4(m) period that he will not be prejudiced in defending the case on the merits." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 554 n.5 (2010).

Under Rule 15(c)(1)(C), "notice need not be formal." *Id.* (quoting Fed. R. Civ. P. 15(c) advisory committee note (1966)); *Singletary*, 266 F.3d at 195 ("Rule 15(c)[(1)(C)] notice does not require actual service of process on the party sought to be added; notice may be deemed to have occurred when a party who has some reason to expect potential involvement as a defendant hears of the . . . litigation through some informal means.").

Indeed, the plaintiff need not demonstrate actual notice to the prospective defendants—constructive or implied notice of the action is sufficient. *See Singletary*, 266 F.3d at 195; *Lockwood v. City of Philadelphia*, 205 F.R.D. 448, 452 (E.D. Pa. 2002). The Third Circuit has identified

> two types of constructive notice that could support . . . an inference of notice: (1) the "shared attorney," method, where the newly named defendants and an originally named party are represented by the same counsel; and (2) the "identity of interest" method, where the newly named defendants enjoy some relationship with an originally named defendant strong enough to permit an inference that notice to one effectively provides notice to the others.

*Lockwood*, 205 F.R.D. at 452 (citing *Singletary*, 266 F.3d at 196–200).

The record before the Court in connection with this motion is limited and undeveloped. But from the materials before the Court, it appears that the "shared attorney" test supports the conclusion that the nine proposed correctional officer defendants had adequate notice of this action and would not be prejudiced by the requested amendment.[7]

---

[7] The "identity of interests" test may support relation back with respect to Deputy Warden Doll and Captain Neeper, both of whom clearly have supervisory duties of some sort at the county prison, but the other seven proposed correctional officer defendants appear to be staff-level employees with no administrative or supervisory duties at the prison, and thus not "so closely related in their business operations or other activities
*(continued on next page)*

The original complaint was filed on October 14, 2015. On November 30, 2015, the plaintiff served her initial written discovery requests on counsel of record for York County, an assistant solicitor for the county. (Doc. 30-4, at 2). On or about December 23, 2015, counsel for the plaintiff and counsel for York County discussed the scope of York County's discovery responses, and plaintiff's counsel explicitly advised counsel for York County that she intended to submit an amended complaint, naming any "John Doe" defendants identified in York County's discovery responses. (*Id.* at 3). Based on York County's discovery responses,[8] on February 10, 2016, plaintiff's counsel advised counsel for York County that she would seek to amend the original complaint to add the nine proposed correctional officer defendants. (*Id.* at 4). In that same communication, plaintiff's counsel requested the consent of opposing counsel to the motion. (*Id.*). On February 11, 2016, counsel for York County responded, declining to consent. (*Id.* at 5).

---

that the institution of an action against [York County] serves to provide notice of the litigation to [them]." *Singletary*, 266 F.3d at 199.

[8] The record before the Court does not specify the date when York County's responses were served, but they were clearly served at some point between December 23, 2015, and February 10, 2016, all of which falls within the 120-day period at issue here.

The Third Circuit has summarized the "shared attorney" test:

> The "shared attorney" method of imputing Rule 15(c)[(1)(C)] notice is based on the notion that, when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action. . . . The relevant inquiry under this method is whether notice of the . . . action can be imputed to [the prospective defendants] within the relevant 120 day period . . . by virtue of representation [the prospective defendants] shared with a defendant originally named in the lawsuit.

*Singletary*, 266 F.3d at 196. It is not necessary that the attorney enter an appearance as counsel of record for the prospective defendants within the 120-day period, but merely that he or she represented them during that time period. *See Garvin*, 354 F.3d at 224 (noting that "persons who anticipate being sued sometimes consult attorneys with respect to their circumstances").

Here, because the nine proposed correctional officer defendants are not yet parties to this action, they have not yet entered a formal appearance through counsel. But the brief in opposition to the motion to amend, prepared and filed by counsel of record for York County, explicitly acknowledges that it is filed on behalf of both original defendant York County and these nine proposed defendants. (Doc. 32, at 1). Clearly they

- 16 -

share an attorney.

The remaining question then is whether one can reasonably infer that counsel of record for York County had some communication or relationship with the nine proposed correctional officer defendants so that notice of this action was given to them *within the 120-day period*. Although the brief in opposition to amendment was filed outside the 120-day period, it may be reasonably inferred from the limited record before the Court that the nine proposed correctional officer defendants were represented by counsel for York County within the 120-day period. Defense counsel is an assistant solicitor for the county, and each of the nine proposed correctional officer defendants is an employee of the county, sued in connection with their conduct as county employees. The plaintiff served written discovery requests seeking to identify John Doe defendants, and defense counsel investigated and served a response on behalf of York County that identified each of the nine proposed correctional officer defendants, presumably communicating with them during the 120-day period. Perhaps most persuasive, however, is that one may conclude that defense counsel was representing the nine proposed correctional officer defendants' interests when he expressly declined to consent to the motion

to amend on February 11, 2016, the final day of the 120-day period. *See Siciliano v. City of Philadelphia*, Civil Action No. 09-5270, 2010 WL 3069611, at *3 (E.D. Pa. Aug. 3, 2010).

We are particularly mindful of the procedural posture in which this issue is presented to the Court. This is a motion for leave to amend the original complaint. The federal rules explicitly admonish that "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). Based on the limited record before the Court, it is not clear that the statute of limitations would compel dismissal of the plaintiff's claims against the nine proposed correctional officer defendants, and thus amendment is not futile and leave to amend will be granted.

We must note, however, that our ruling on this motion is without prejudice to the defendants' right to readdress this same issue on summary judgment, where it may be resolved on a more fully developed record, and where the burdens placed on the respective parties may be different.

### D. York County

In addition to addressing the plaintiff's motion to amend, the opposition brief filed by York County and the nine proposed correctional

officer defendants argues that all claims against York County should be dismissed for failure to state a claim. But an opposition brief is not a proper vehicle for a request to dismiss a plaintiff's claim. *See McCrary v. Stifel, Nicolaus & Co.*, No. 4:10-CV-0295, 2010 WL 2076094, at *1 (E.D. Mo. May 21, 2010). York County may raise any arguments in favor of dismissal in an appropriately supported motion for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c).

### E. Pending Motion to Dismiss

Defendant Gallagher has filed a motion to dismiss (Doc. 21) in response to the original complaint. All allegations concerning Gallagher in the proposed amended complaint are identical to those of the original complaint. Acceptance of the proposed amended complaint will not moot Gallagher's motion to dismiss. Accordingly, that motion remains pending and will be the subject of a forthcoming report and recommendation.

An appropriate order follows.

Dated: April 27, 2016

                                                JOSEPH F. SAPORITO, JR.
                                                United States Magistrate Judge