**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANGELA CARLOS, As Administratrix of the ESTATE OF TIOMBE KIMANA CARLOS, Plaintiff | : | DOCKET NO. 1:15-cv-01994-WWC-JFS |
| | : | CIVIL ACTION – LAW |
| v. | : | JUDGE WILLIAM W. CALDWELL |
| | : | MAG. JUDGE JOSEPH F. SAPORITO, JR. |
| YORK COUNTY; et al., Defendants | : | *Electronically Filed* |
| | : | JURY TRIAL DEMANDED |

**PRIMECARE MEDICAL DEFENDANTS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

AND NOW, come the Defendants, PrimeCare Medical, Inc., Pamela Rollings-Mazza, M.D., Holly A. Snyder, RN, Aimee Leiphart, LPN (referred to collectively as "PrimeCare Medical Defendants"), by and through their counsel, Johnson, Duffie, Stewart & Weidner, P.C., who file this Statement of Undisputed Facts in Support of their Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 and in support thereof states as follows:

**PROCEDURAL HISTORY**

1. This matter arises from the suicide of Tiombe Kimana Carlos during her incarceration at the York County Prison.

2. Plaintiff, as Administratrix of the Estate of Tiombe Kimana Carlos, initiated this action by filing a Complaint on October 14, 2015. (Doc. 1)

3. The undersigned counsel entered an appearance on behalf of Defendants PrimeCare Medical, Inc. and Pamela Rollings-Mazza, M.D. on November 3, 2015. (Doc. 18)

4. Defendants PrimeCare Medical, Inc. and Pamela Rollings-Mazza, M.D. filed their Answer with Affirmative Defenses on November 5, 2015. (Doc. 20)

5. On February 11, 2016, Plaintiff filed a Motion for Leave to Amend her Complaint. (Doc. 30)

6. This Court granted Plaintiff's Motion for Leave on April 27, 2016. (Docs. 34, 35)

7. On or about April 27, 2016, Plaintiff filed her Amended Complaint. (Doc. 36)

8. Plaintiff named Holly A. Snyder, RN and Aimee Leiphart, LPN as additional Defendants in her Amended Complaint. (Doc. 36)

9. The undersigned counsel entered an appearance on behalf of Defendants Holly A. Snyder, RN and Aimee Leiphart, LPN on May 2, 2016. (Doc. 37)

10. PrimeCare Medical Defendants filed their Answer with Affirmative Defenses to Plaintiff's Amended Complaint on May 10, 2016. (Doc. 41)

## STATEMENT OF FACTS

11. PrimeCare Medical, Inc. has a contract with York County, Pennsylvania to provide medical and mental health services to inmates incarcerated in the York County Prison.

12. Patrick Gallagher, LPC, a Wellspan Health System employee, is the Mental Health Coordinator at York County Prison. Mr. Gallagher provides direct mental health treatment to inmates and evaluates inmates for suicide risks and initiates step-down procedures. (Gallagher Depo., Appendix at **Exhibit A**, pp.14-17.)

13. Pamela Rollings-Mazza, M.D., is a psychiatrist employed by PrimeCare Medical, Inc. at the York County Prison. Her duties include medication management, evaluations for medication, and referrals from mental health coordinators. (Rollings-Mazza Depo., Appendix at **Exhibit B**, pp. 22-24.)

14. Holly A. Snyder, RN, is a nurse who was employed by PrimeCare Medical, Inc. to provide nursing services in the York County Prison from 2012 through 2014. (Snyder Depo., Appendix at **Exhibit C**, pp. 13-14.)

15. Aimee Leiphart, LPN, is a nurse who is employed by PrimeCare Medical, Inc. to provide mental health nursing services in the York County Prison. (Leiphart Depo., Appendix at **Exhibit D**, pp. 13-14.)

16. Tiombe Kimana Carlos began her relevant incarceration in York County Prison on April 18, 2011. (Doc. 36, ¶ 43)

17. Tiombe Carlos had been convicted of assaulting a police officer and, subsequently, assaulting a correctional officer during her incarceration. (Doc. 36, ¶ 40)

18. At that time, Tiombe Carlos was an Immigration and Customs Enforcement (ICE) detainee as she was not a citizen, and her convictions for violent crimes rendered her subject to removal from the United States. (Doc. 36, ¶ 41)

19. Tiombe Carlos had a history of mental illness since childhood. She was first diagnosed with organic delusional disorder and psychosis in 1994. (See, Bronx Children's Psychiatric Center Screening/Admission Note and Psychiatric Evaluation of July 12, 1994, Appendix at **Exhibit E**.) She also began experiencing suicidal ideation at this time.

20. Tiombe Carlos was also diagnosed with manic bipolar disorder in 1996. (See, St. Barnabas Hospital Discharge Summary of May 29, 1996, Appendix at **Exhibit F**.)

21. For her mental illnesses, Ms. Carlos had been treated with Lithium, Haldol, and a variety of other medications prior to her incarceration in York County Prison. (See, Appendix at **Exhibit F**; see also, West Chester County Hospital Aftercare Plan Inpatient note of January 30, 1997, Appendix at **Exhibit G**.)

22. Despite these treatments, Tiombe Carlos still exhibited irrational, agitated, and violent behavior before entering York County Prison. (See, Appendix at **Exhibit G**.)

23. On Tiombe Carlos' intake sheet dated April 14, 2011, Ms. Carlos stated that she was currently taking medication for bipolar disorder and schizophrenia. However, Tiombe Carlos denied that she had ever considered or attempted suicide. (See, Intake Medical Screening, Appendix at **Exhibit H**.)

24. She was placed in mental health segregation for observation and psychiatric checks every 15 minutes by Patrick Gallagher, LPC. (See, Gallagher Sick Call note of April 14, 2011, Appendix at **Exhibit I**.)

25. Ms. Carlos continued to receive her bi-weekly Haldol treatment while incarcerated in York County Prison. Ms. Carlos received 100mg of Haldol every two weeks. (See, PCM Receiving Screening/Health Assessment p. 3 of April 16, 2011, Appendix at **Exhibit J**.)

26. On April 18, 2011, Ms. Carlos became combative with PrimeCare and correctional staff. Furthermore, she began refusing her necessary Haldol shots. (See,

PCM Chart Note of April 18, 2011, Appendix at **Exhibit K**.) However, on the two or three occasions that Ms. Carlos refused her medication, she was always given the medication either later that evening or the following day. (See, Rollings-Mazza Depo., Appendix at **Exhibit B**, p. 9.)

27. On April 20, 2011, Tiombe Carlos was given a mental status exam by Patrick Gallagher, LPC. Gallagher determined Ms. Carlos was not a suicide risk. (See, Gallagher Mental Status Exam of April 20, 2011, Appendix at **Exhibit L**.) Ms. Carlos also began to consent to her medication at this time.

25. On April 25, 2011, Tiombe Carlos was evaluated by Pamela Rollings-Mazza, M.D. (See, Rollings-Mazza Sick Call note of April 25, 2011, Appendix at **Exhibit M**.) Dr. Rollings-Mazza noted that Ms. Carlos was low functioning but did not exhibit any overt psychosis. At this time, Ms. Carlos was transferred to general population inmate housing.

26. Tiombe Carlos had a mental health evaluation done by Ronald Noble, Ph.D. on May 25, 2011. Dr. Noble noted that Ms. Carlos had schizophrenia and manic bipolar disorder with psychosis. However, Dr. Noble also noted that her risk of assaultive behavior would be diminished with continued medication and monitoring by mental health personnel. (See, Noble Psychological Evaluation of May 25, 2011, Appendix at **Exhibit N**.)

27. On June 8, 2011, after a violent outburst in which she attacked correctional officers, Tiombe Carlos was put in segregation and on suicide watch. The following suicide precautions were taken: suicide smock, finger food, Styrofoam or

paper tray, no sharps, strip cell, no shoelaces, 15-minute observations. (See, PCM Relocation Pass-Suicide Precautions of June 8, 2011, Appendix at **Exhibit O**.)

28. After an evaluation, Patrick Gallagher, LPC, determined that Tiombe Carlos was not suicidal. (See, Gallagher Sick Call note of June 9, 2011, Appendix at **Exhibit P**.) She remained in mental health segregation under observation until July 11, 2011.

29. On August 8, 2012, Tiombe Carlos was given a mental health examination by Patrick Gallagher, LPC. Ms. Carlos was deemed to not be a suicide risk. (See, Gallagher Mental Status Exam of August 8, 2012, Appendix at **Exhibit Q**.) Ms. Carlos remained in medical segregation.

30. On November 11, 2012, Tiombe Carlos was involved in another physical altercation with a correctional officer. Ms. Carlos was placed on suicide watch due to her irrational behavior. (See, PCM Task note of November 11, 2012, Appendix at **Exhibit R**.) Ms. Carlos was then removed from suicide watch and placed on psychiatric evaluation one day later.

31. On November 12, 2012, Tiombe Carlos was given a mental health examination by Patrick Gallagher, LPC. Ms. Carlos was determined to be a slight suicide risk. (See, Gallagher Mental Health Exam of November 12, 2012, Appendix at **Exhibit S**.) Ms. Carlos remained in medical segregation with 15-minute checks.

32. On December 13, 2012, Tiombe Carlos was involved in another physical altercation with an inmate. Ms. Carlos was placed on suicide watch due to her irrational behavior. (See, PCM Task note created December 13, 2012, Appendix at **Exhibit T**.)

The following medical precautions were taken: suicide smock, finger food, Styrofoam or paper tray, no sharps, strip cell, no shoe laces, 15-minute checks. (See, Relocation Pass-Suicide Precautions of December 13, 2012, Appendix at **Exhibit U**.)

33. On December 14, 2012, Tiombe Carlos was given a mental health examination by Patrick Gallagher, LPC. Ms. Carlos was determined to not be a suicide risk. (See, Gallagher Sick Call note and Mental Health Exam of December 14, 2012, Appendix at **Exhibit V**.) Ms. Carlos remained in medical segregation with 15-minute checks. Ms. Carlos was eventually moved from medical segregation to general population on June 6, 2013.

34. On July 11, 2013, Tiombe Carlos was involved in another physical altercation with correctional staff. Ms. Carlos was placed on suicide watch due to her irrational behavior. (See, PCM Task note of July 11, 2013, Appendix at **Exhibit W**.)

35. On July 12, 2013, Tiombe Carlos was given a mental health examination by Patrick Gallagher, LPC. Ms. Carlos was determined to not be a suicide risk. (See, Gallagher Sick Call note and Mental Health Exam of July 12, 2013, Appendix at **Exhibit X**.) Ms. Carlos remained in medical segregation with 15-minute checks. Ms. Carlos continued to deny any suicidal thoughts or intentions.

36. On August 13, 2013, Ms. Carlos attempted suicide by choking herself with a sheet in medical segregation. After roughly ten (10) seconds, she was rescued by security staff and transported to York Hospital. (See, PCM Chart Note of Leiphart of August 13, 2013, Appendix at **Exhibit Y**.) Ms. Carlos was returned to medical segregation at the prison later that day and remained under constant suicide watch.

37. On August 14, 2013, Patrick Gallagher observed Tiombe Carlos to be angry, a high suicide risk, and not compliant with her medications. (See, Patrick Gallagher Mental Health Segregation Check Sheet of August 14, 2013, Appendix at **Exhibit Z**.)

38. On August 20, 2013, Patrick Gallagher, LPC deemed Tiombe Carlos to not be a suicide risk, compliant with medications, and was removed from high risk suicide precautions. (See, Counselor note dated August 20, 2013, Appendix at **Exhibit AA**.) She remained under 15-minute checks.

39. On October 23, 2013, Tiombe Carlos committed suicide by hanging herself with a sheet from an overhanging bar in her cell. (See, York Hospital ED Physician Note of October 23, 2013, Appendix at **Exhibit BB**.)

40. Richard Althouse, Ph.D. reviewed all of the relevant pleadings, policies and procedures, depositions, and medical records in this matter. He opined that PrimeCare Medical's suicide prevention policies and procedures were consistent with national standards and provided a sufficient framework within which clinical judgments and treatment could be implemented. Moreover, Dr. Althouse also opined that Ms. Carlos' medical health needs and suicide risks were not ignored and PrimeCare Medical's mental health services made reasonable efforts to address both during her incarceration. Dr. Althouse concluded that in his reasonable degree of professional certainty, that the efforts of the PrimeCare Medical staff did not reflect deliberate indifference. (See, Althouse report, Appendix at **Exhibit CC**.)

41. Stephen Mechanick, M.D. also reviewed all of the relevant pleadings, policies and procedures, depositions, and medical records in this matter. Dr. Mechanick opined that PrimeCare Medical staff provided appropriate behavioral health and psychiatric treatment to Ms. Carlos during her incarceration. Furthermore, Dr. Mechanick also opined that the Haldol medication prescribed to Tiombe Carlos during her incarceration was appropriate and within the standard of care. Dr. Mechanick concluded that, in his opinion, there was no evidence that Ms. Carlos was psychotic leading up to or at the time of her suicide, or the psychotic symptoms played a role in her suicide. (See, Mechanick report, Appendix at **Exhibit CC**.)

Respectfully submitted,

JOHNSON, DUFFIE, STEWART & WEIDNER

By: s/John R. Ninosky

John R. Ninosky, Esquire
Attorney I.D. No. 78000
301 Market Street ~P. O. Box 109
Lemoyne, PA 17043-0109
Telephone (717) 761-4540
Email: jrn@jdsw.com
Attorney for PrimeCare Medical Defendants

Date: January 31, 2017

839507

**CERTIFICATE OF SERVICE**

I hereby certify on the 31st day of January, 2017, that the foregoing *Statement of Undisputed Facts in Support of Motion for Summary Judgment* was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

David Rudovsky, Esquire
Jonathan H. Feinberg, Esquire
Susan M. Lin, Esquire
Kairys Rudovsky Messing
& Feinberg, LLP
The Cast Iron Building, Ste. 501S
718 Arch Street
Philadelphia, PA 19106
drudovsky@krlawphila.com
jfeinberg@krlawphila.com
slin@krlawphila.com
*Attorney for Plaintiffs*

Donald L. Reihart, Esquire
Assistant Solicitor for York County
3015 Eastern Boulevard
York, PA 17402
email@reihartlaw.com
*Attorney for York County*

Brandon R. Conrad, Esquire
Harlan W. Glasser, Esquire
Saxton & Stump
280 Granite Run Road, Suite 300
Lancaster, PA 17601
brc@saxtonstump.com
hwg@saxtonstump.com
*Attorney for Patrick Gallagher, LPC*

JOHNSON, DUFFIE, STEWART & WEIDNER

By: s/John R. Ninosky
John R. Ninosky